O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America | ) | Case No. CR 07-01221 GHK |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S MOTION** |
| | ) | **TO RECUSE JUDGE KING** |
| v. | ) | |
| | ) | [Dkt. No. 356. Referral to DDP |
| Stanley Dan Reczko III, | ) | at Dkt. No. 362] |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant Stanley Dan Reczko III's Motion for Recusal of Trial Judge Under 28 U.S.C. [§] 455.[1] Having reviewed Defendant's submission, the court DENIES the motion and adopts the following order.

Defendant argues that "the District Court is <u>Bias</u>" (emphasis original) and that "the trial judge is advocating a cause for the Defense Attorney's (sic) in this case which has nothing to do with the core issue." (Motion at 2:9-14.) Defendant further contends that "[t]he issues at hand are a matter of law and the defendant's

---

[1] This order does not address Defendant's contentions regarding his counsel's competence or the district court's jurisdiction over this matter.

right to an effective court process with no Bias agenda of the system." (Mot. at 4: 13-15.)

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a),(b)(1). The Ninth Circuit has articulated the standard for disqualification under § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

Though Defendant accuses the district court of bias, it appears that Defendant's primary concerns revolve around the court's jurisdiction and the effectiveness of defense counsel. Defendants states:

> The defendant is in opposition to the continued court ordered Psych evaluations which have nothing to do with the ineffectiveness and incompetency of this system when it involves international law and alleged crimes which were not committed. The courts fail to recognize that the core issue is ineffective and incompetent Attorney's whom never defended nor represented a case under the illegal legislation/vague criminal legislation.

1  (Mot. at 3:22-28.)  Defendant's frustrations with the court's
2  pre-trial rulings notwithstanding, he has not established that
3  Judge King has received any extrajudicial information or that
4  Judge King's impartiality could reasonably be called into
5  question.  Nor has Defendant shown that Judge King's decisions
6  or actions in this case reveal a "deep-seated and unequivocal
7  antagonism" toward Plaintiff "that would render fair judgment
8  impossible."  <u>F.J. Hanshaw Enters.</u>, 244 F.3d at 1144-45.
9  Accordingly, the Motion for Recusal of Trial Judge is DENIED.

IT IS SO ORDERED.

Dated: February 24, 2012

DEAN D. PREGERSON
United States District Judge